IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEFFREY T. PINA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:10-CV-934-Y |
| REBECCA TAMEZ, Warden, | § | |
| FCI-Fort Worth, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner under 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Jeffrey T. Pina, Reg. No. 24261-038, is a federal prisoner confined in FCI-Fort Worth in Fort Worth, Texas.

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

#### C. FACTUAL AND PROCEDURAL HISTORY

Pina is serving a term of 180 months on his convictions for possession of a firearm by a convicted felon, possession of cocaine base with intent to distribute, and possession of a firearm in

furtherance of a drug trafficking crime out of the United States District Court for the District of Massachusetts. (Resp't App. to Resp. at 15, 29) In this habeas petition, Pina challenges a 2009 disciplinary proceeding conducted at FCI-Fort Dix, New Jersey, and the resultant loss of 40 days of good conduct time and forfeiture of 378 days of non-vested good conduct time. (Resp't App. to Resp. at 9)

Pina was charged with possession of a hazardous tool, a cell phone, classified as a "100 series prohibited act," which is the most serious category of prohibited acts. (Resp't App. to Resp. at 3) After receiving notice of the incident report, Pina denied the charges, and the report was referred to a disciplinary hearing officer (DHO) for disposition. (*Id.*) Pina received notice of his rights in the disciplinary proceeding, and, on December 29, 2009, the hearing was held. The DHO found Pina aided and abetted in the offense based on the incident report, petitioner's oral statement, and the documentary evidence. Specifically, the DHO explained his decision as follows:

> This decision is based on the greater weight of evidence provided before me which is documented in the written report provided by the reporting employee. The employee documented,
>
> "On December 17, 2009, a Blue Virgin Mobile cell phone was recovered from the DPW Work site, and taken to the SIS office. At approximately 11:30 a.m. on December 18, 2009, while I was inspecting the phone I discovered several numbers in the memory of the cell phone. Further investigation of the phone's data revealed phone number (508)680-0378 in the incoming and outgoing calls log numerous times. I queried the inmate telephone system for any connection to this number and found they are only on the approved telephone list of inmate Pina, Jeffery who works at the DPW site where the phone was located. Due to the fact that this number is listed in the incoming and outgoing calls log of this cell phone, Pina is charged with possession of the cell phone."
>
> The DHO took into consideration your statement, specifically, "I told Ms. Gilyard I gave someone that number. I told them I assumed they would take the rap for it." I found you have every reason to make this assertion[] in an effort to have the charge against you expunged. Essentially, you have everything to gain and nothing to lose

2

in that effort however, I found the employee involved in this incident to be more credible than yourself as he has no vested interest in you, outcome of the report, and does have a legal obligation to be truthful. Your statement that "He would take the rap for it," implies that you had some knowledge that he would make the call from outside the ITS system, where the phone number has to be placed on the inmates phone list in order for him to call. This was not the case here. Your statement that you gave him one of your numbers to call is not substantiated because he did not place the number on his approved phone list. It can not be taken as coincidence that the phone was found in an area where you both work and had access to the cell phone. The conclusion is that if you did not use the cell phone you knew the other inmate had the cell phone and by not reporting it to staff you aided the inmate in possessing the cell phone.

The violation of Prohibited Act Code 108A, Aiding in the possession of a hazardous tool (Cell Phone) is supported in the incident report, specifically, "I discovered several numbers in the memory of the cell phone, further investigation of the phone's data revealed phone number (508)680-0378 in the incoming and outgoing calls log as well as saved as contacts numerous times. I queried the inmate telephone system for any connection to this number and found they are only on the approved telephone list of inmate PINA, JEFFREY who works at the DPW site where the phone was located.

(Resp't App. to Resp. at 8-9, 11-14)

The DHO's sanctions included loss of good conduct time, cell segregation, and loss of various privileges. (*Id.* at 9, 28) The DHO stated his reasons for the sanctions as follows:

The action on the part of any inmate to possess, manufacture, or introduce a hazardous tool into any correctional institution threatens the safety and security, not only of the inmate involved, but that of the entire institution. In the past, inmates have used hazardous tools to effect escapes, and seriously injure other inmates and staff members. A cell phone falls under the classification of hazardous tools, as it can be used to arrange rendezvous for escapes, and can be used to arrange contraband introductions, and possibly for illicit or illegal activities, without the knowledge of staff. In accordance with the memorandum dated October 4, 2006, . . . a cell phone is considered a threat to the security and orderly running of the institution, not only of the inmate involved, but that of the entire institution.

(*Id.* at 9)

3

Petitioner was informed of his appeal rights and received a copy of the "DHO packet." (*Id.* at 10) Pina appealed the DHO's decision, apparently to no avail. (Attach. to Pet.)

D. ISSUES

Pina claims the DHO's decision was arbitrary and capricious because he had no knowledge nor did he participate in the inmate Jerrell Edwards's actions, to which Edwards pled guilty and provided a written statement to disciplinary officials that Pina had no knowledge or participation in his possessing or using the cell phone. (Pet. at 4; Pet'r Reply, Ex. 1)

E. DISCUSSION

In the context of prison disciplinary proceedings resulting in the loss of good time credits, an inmate is entitled to minimum due process requirements, which include the requirement that there exist "some evidence" in support of the DHO's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-55 (1986); *Wolff*, 418 U.S. at 563-66. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Hill*, 472 U.S. at 455. The relevant inquiry is whether there is any evidence in the record that could support the conclusion reached by the DHO. *Id.* at 455-56.

Under 28 C.F.R. § 541.13(b), aiding another inmate to commit an offense, attempting to commit an offense, and making plans to commit an offense is considered the same as a commission of the offense itself. In this case, there was sufficient evidence to support the hearing officer's decision that Pina aided Edwards in the use or possession of the cell phone. *See Wolff*, 418 U.S. at 564-66; *McDuffie v. Estelle*, 935 F.2d 682, 687-88 (5th Cir. 1991). The cell phone was found at a location accessible to Pina and Edwards, the phone number in question was only on the approved

telephone list of Pina, and Pina admitted to giving inmate Edwards the phone number and assumed Edwards "would take the rap for it." As explained by the DHO, this implies that Pina, at the very least, knew Edwards had the cell phone and by not reporting it to prison officials aided Edwards in possessing it. This court is not free to retry the disciplinary charge and substitute its opinion for that of the DHO under these circumstances.

## II. RECOMMENDATION

Pina's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 1, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## V. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until July 1, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 9, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE